UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RELONDO DEVON HALL,

        Defendant.

**MEMORANDUM OF LAW AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**
Criminal File No. 24-00132 (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Relando Devon Hall, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant's email request for a reduction in his sentence based on family circumstances, which the Court construes as a Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 49.) Both the Government and Probation oppose the motion. (Docs. 51, 53.) For the following reasons, Defendant's motion is denied.

## II. BACKGROUND

In 2019, Hall was a member of a drug-trafficking conspiracy along with two co-conspirators who were charged in this District with various narcotics offenses. See United States v. Abari et al, Crim. No. 19-cr-103 (MJD). Hall

cooperated with the Government, testified at the trial of his co-conspirators, pleaded guilty to conspiring to distribute fentanyl, and received a 48-month prison sentence, which was followed by 5 years of supervised release. (Id. at Docs. 312, 491.) Hall left prison and began supervised release in 2023. He was participating in the District's Reentry t a program designed to reduce recidivism and provide resources to defendants who are likely to reoffend.

On May 16, 2024, Hall was charged in a single-count indictment with being a felon in possession of a firearm. (Crim. No. 24-00132, Doc. 6.) He pleaded guilty on June 27, 2024 and on October 29, 2024, was sentenced to 24 months in prison to run concurrent with the six-month revocation sentence imposed in 19-cr-103(2), followed by three years supervised release. (Doc. 40.)

Defendant is currently in the re-entry phase of his 2024 sentence, and is living in a halfway house as he transitions back into the community. (Doc. 49.) He has a projected release date of January 27, 2026. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last accessed October 30, 2025).

## III.   DISCUSSION

On October 27, 2025, Hall sent an email to the Court asking for early release from the halfway house to see his ill grandmother in Chicago and to help his oldest daughter cope with the challenges of recovering from fentanyl addiction while raising a family.  (Doc. 49.)  Hall provided very few specifics in his email.  As the Government noted in its response, "Hall did not supply any evidence of request to BOP for compassionate release with his letter. As this Court knows, Hall may satisfy the exhaustion requirement of § 3582(c)(1)(A) by presenting a request for a reduction in sentence to BOP's reentry program manager for the District of Minnesota."  (Doc. 53 at 4.)  The Government also points out that while Hall does not identify which of his daughters he is worried about, the PSR notes that he has two adult daughters and the Government assumes he refers to one of them.  (Id. at 3 n.1.)  The Court will do the same.

### A.   Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

3

reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  "Extraordinary and compelling reasons" include the need to care for family members, including grandparents, who are incapacitated and "whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be only available caregiver for such family member." U.S.S.G. § 1B1.13(b)(3)(D).  Defendants may also request compassionate release upon the "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A).

      1.      **Exhaustion of Administrative Remedies**

Before the Court will consider a defendant's claims, the claims must first be presented to the BOP.  18 U.S.C. § 3582(c)(1)(A); <u>United States v. Houck</u>, 2 F.4th 1082, 1084 (8th Cir. 2021).  Claims not first presented to the BOP must be

4

dismissed without prejudice because the exhaustion requirement is a "mandatory claim processing rule." Id.  Here, Hall presents no evidence of exhaustion.  The administrative exhaustion requirement is a mandatory claim-processing rule. Id.  As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." Id.  The Government properly raised this issue.  (Doc. 53 at 6.)  Failure to exhaust administrative remedies prior to filing a motion requires a district court to dismiss the motion without prejudice.  Thus, based on the information currently before it, the Court could dismiss this motion without prejudice, based on Defendant's failure to satisfy the exhaustion requirement.

However, even if Hall were to provide evidence that he has complied with the exhaustion requirement, the Court would still find that none of Defendant's reasons satisfy his burden to state "extraordinary and compelling" circumstances that comport with the statute.  See United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating that "the inmate bears the burden to establish that compassionate release is warranted, and the district court is not required to

5

investigate possible avenues for relief or to develop the record in support of a motion") (citation omitted).

### 2.  Compassionate Release

Hall first states that he wants to visit his ill grandmother who is in Chicago.  This is not a reason for the Court to grant him compassionate release.  To state a claim based on the need to care for grandparents, Hall needs to provide independent evidence to substantiate the claim (i.e., medical records or social-service documentation of his grandmother's needs).  United States v. Collins, Case Nos. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) ("Information and documentation must be provided showing the incapacitation of the caregiver. . . .").  Hall must also show that there is no one else available to care for his grandmother.  U.S.S.G. § 1B1.13(b)(3)(D).  Hall's claim based on his grandmother's needs fails.

Likewise, his claim that his daughter needs help also fails for lack of documentation.  Hall does not argue that his daughter has a disability or medical condition that prevents self-care, as the policy statement requires.  See U.S.S.G. § 1B1.13(b)(3)(A).  A prisoner's desire to spend time with a child, even one who is

6

struggling, is not a basis for compassionate release. Moreover, Hall does not explain to the Court why he is unable to support his daughter in his present circumstances. It appears that Hall's daughter lives locally. Home confinement and reentry are dramatically different from federal prison and defendants in that status rarely warrant compassionate release. See United States v. Totaro, 4:99-CR-40137-RAL, 2021 WL 5755412, at *4 (D.S.D., Dec. 3, 2021) (denying compassionate release based on family circumstances where defendant on home confinement could care for his wife but not drive her to chemotherapy treatments); United States v. Bradley, Case No. 13-20622-01, 2020 WL 4676377, at *2 (E.D. Mich. Aug. 12, 2020) ("[n]ow that Defendant is serving the remainder of his term on home confinement, there is no extraordinary and compelling reason to reduce his sentence"). Hall states that he is "limited" in how he can help his daughter, but does not state what those limitations are. Hall has significant autonomy in his current situation compared to being a prisoner in a BOP facility. Thus, this part of Hall's motion also fails.

### B.     Hall Still Poses a Significant Danger to the Community

Hall's request for a sentence reduction must also be denied because he has failed to demonstrate that he is not a danger to the safety of the community. Under U.S.S.G. § 1B1.13(a)(2), this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." Here, Hall has federal convictions for conspiring to distribute fentanyl and illegally possessing a gun. He committed the latter offense while on supervision for the former, and while participating in a selective program designed to provide him extra support and rehabilitation. His current release date has been twice extended based on his non-compliance with BOP and RRC rules. Specifically, "on February 6, 2025, Mr. Hall lost 27 days of good time for Phone Abuse. On August 12, 2025, while at the RRC, Mr. Hall lost 41 days of good time for use of drugs (K2 – a synthetic cannabinoid)." (Doc. 51.) Probation notes that "[a]bsent these sanctions, Mr. Hall would have [been] released from the Bureau of Prisons on November 20, 2025." (Id.) Accordingly, Hall put himself in his current position. Hall presents an ongoing danger to the community and this provides an additional reason to deny his motion.

8

### C. The § 3553(a) Factors Weigh Against Hall's Release

Although the Court need not weigh the § 3553(a) factors because Hall has not stated any extraordinary and compelling reason for release, the Court finds that these factors provide more reasons to deny Hall's motion. Based on the above discussion, it is obvious that reducing Hall's sentence based on the evidence before the Court would not reflect the seriousness of his crime, provide just punishment, or take into account Hall's history and characteristics. 18 U.S.C. § 3553(a)(1) & (a)(2)(A). Moreover, that Hall possessed a firearm while on federal supervision shows a stunning disrespect for the law. Hall's motion is denied on this basis, too.

### IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's email request for a reduction in his sentence based on family circumstances, which the Court construes as a Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), **[Doc. 49]** is **DENIED**.

Dated: October 31, 2025                s/Michael J. Davis
                                       Michael J. Davis
                                       United States District Court